IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cheryl Woodley,                             )<br>                                                      )<br>                    Plaintiff,            )<br>                                                      )     Civil Action No. 2:25-cv-12533-BHH<br>v.                                                  )<br>                                                      )                    **ORDER**<br>ARG Resources, LLC,                  )<br>                                                      )<br>                    Defendant.        )<br>_____) | |

This matter is before the Court upon Plaintiff Cheryl Woodley's ("Plaintiff") *pro se* complaint alleging unlawful discrimination and retaliation during her employment. A summons was issued with a service deadline of January 5, 2026 (ECF No. 14.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations.

On January 12, 2026, Magistrate Judge Mary Gordon Baker issued a report and recommendation ("Report"), outlining the issues and recommending that the Court dismiss this action for lack of prosecution, pursuant to Rule 4(m) of the Federal Rules of Civil procedure. Attached to the Magistrate Judge's Report was a notice advising Plaintiff of his right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole

or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

    Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error.  After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis.  Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 20) and hereby dismisses this action without prejudice for lack of prosecution pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

    **IT IS SO ORDERED.**

/s/Bruce H. Hendricks  
United States District Judge

February 18, 2026  
Charleston, South Carolina